UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MARTIN, JR.,

        Plaintiff,                Case No. 1:12-cv-778

v.                                     Honorable Janet T. Neff

MICHAEL P. HEIDENRICH et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act (PLRA), PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's action because it is frivolous.

**Factual Allegations**

Plaintiff James Martin, Jr. is a state prisoner incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility in Ionia, Michigan. Defendants are police officers with the City of Dowagiac Police Department: Sergeant Michael P. Heidenrich and Detective David A. Toxopeus. Plaintiff also sues Sheriff Joseph M. Underwood of the Cass County Jail.

Plaintiff alleges that Defendants Heidenriech and Toxopeus arrested Plaintiff without an arrest warrant and placed him in the custody of Defendant Underwood at the Cass County Jail. He further alleges that Defendants failed to take him before a magistrate within 48 hours after the arrest for a determination of probable cause. Plaintiff contends that he has been incarcerated for more than fourteen years without a probable-cause determination, and that his incarceration is "fairly traceable" to Defendants' conduct. (Compl., docket #1, Page ID#3.)

Plaintiff claims that Defendants violated his rights under the Fourth and Fourteenth Amendments. As relief, he seeks a declaratory judgment, damages and an injunction ordering Defendants to "take Plaintiff before a neutral magistrate for a judicial determination of probable cause." (*Id.* at Page ID#4.)

**Discussion**

Plaintiff's action should be dismissed as frivolous because it is barred by the applicable statute of limitations. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). Generally, for civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10) (three-year limitations period for actions to "recover damages for the death of a person, or for injury to a person or property"); *Carroll*

- 2 -

*v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Generally, under federal law, the statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *See Collyer*, 98 F.3d at 220.[1]

Plaintiff's complaint is untimely. While he does not specify when he was arrested and placed in the Cass County Jail, it is clear that those events occurred approximately fourteen years prior to the filing of his complaint.[2] Plaintiff had reason to know of the "harms" done to him at the time they occurred; hence, he filed his complaint well beyond the three-year statute of limitations period. Moreover, Plaintiff has not alleged any circumstances warranting tolling of the statute of limitations.

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint,

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

[2] In November 2009, Plaintiff filed an application in this Court under 28 U.S.C. § 2254. *See Martin v. Lafler*, No. 1:09-cv-1063 (W.D. Mich.). That application and its supporting materials provide some background for Plaintiff's claims in the instant action. It appears that Plaintiff was convicted in 1999 for several offenses occurring in 1997. *See id.* at docket #1. Defendants Toxopeus and Heidenriech participated in the police investigation leading to Plaintiff's arrest and conviction. *See id.* at docket #1-2.

*sua sponte* dismissal of the complaint is appropriate. *See Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, the Court may dismiss the complaint as frivolous under the PLRA.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that this action will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because it is barred by the applicable statute of limitations.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  October 29, 2012   /s/ Janet T. Neff
  Janet T. Neff
  United States District Judge